McCAFFREY et al. v. GREAT ATLANTIC & PACIFIC TEA CO. et al.

No. 107.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1939.

Jacob P. Shulman, of New York City, for appellant.

Nathan B. Fogelson, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

Robert E. Curran, of New York City, for appellant.

Joseph A. McLaughlin, of New York City (Philip Hoffer, of New York City, on the brief), for plaintiffs-appellees.

E. C. Sherwood, of New York City (William B. Davis and H. H. Brown, both of New York City, of counsel), for defendant-appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was brought by the plaintiff as the guardian ad litem of his minor son who was injured when he tripped and fell over what the plaintiff's evidence tended to show was a bag of potatoes or onions lying on the public sidewalk outside a store of The Great Atlantic and Pacific Tea Company at 556 West 207 Street in the City of New York. Suit was brought against The Great Atlantic and Pacific Tea Company to recover for the injuries sustained on the ground that its negligence was what caused them and under New York procedure the defendant impleaded Alois Atzenbeck as a defendant.

After a trial by jury a verdict was rendered against both defendants but judgment for the plaintiff was entered only against the impleaded defendant together with a judgment over against the impleaded defendant in favor of the original defendant without costs. The impleaded defendant has alone appealed.

The undisputed evidence shows that the boy and his mother walked along the sidewalk in front of the store about half an hour before the accident. At that time a truck belonging to the impleaded defendant was backed up to the curb and merchandise for the store was being unloaded by his employees. The testimony of the mother was to the effect it was being put upon the sidewalk and, though this was strenuously disputed by other evidence, we must now treat that as the fact. After about half an hour, the two returned along the sidewalk and it was then that the boy tripped over the bag and fell. The impleaded defendant was under contract with The Great Atlantic and Pacific Tea Company to deliver merchandise to it and was performing his contract at the time by means of his truck and employees. There was no proof of how long the bag over which the boy tripped had been upon the sidewalk before he fell over it and no proof that The Great Atlantic and Pacific Tea Company either put it there or knew it was there.

Nor was there any real evidence of negligence on the part of the defendant Atzenbeck. There was no direct evidence that any bags were unloaded from his truck or placed upon the sidewalk by his employees. Even if it could be inferred that the bag in question was in fact taken from the truck and put upon the sidewalk by Atzenbeck's men before the boy came along, that would still fall short of proving negligence. It may have been there but momentarily and its mere presence did not constitute prima facie proof of negligence on the part of anybody. The unloading across the sidewalk was lawful enough so far as this record shows and whether or not it would be negligent to place bags of potatoes or onions upon the sidewalk while that work was being done would depend upon the circumstances including the time they were allowed to remain there and what provision, if any, was needed and made for the safety of other people using the sidewalk. The test is one of the care a prudent person would exercise in a like situation. Compare City of Decatur v. Eady, 186 Ind. 205, 115 N.E. 577–579, L.R.A.1917E, 242; George N. Pierce Co. v. Wells Fargo & Co., 2 Cir., 189 F. 561, 562. The plaintiff had the burden of proof and to discharge it was bound to show the circumstances sufficiently at least to make out a prima facie case of negligence on the part of the impleaded defendant.

The proof was too meagre to do that and for that reason the motion to dismiss the complaint should have been granted. Other questions raised merit no discussion at this time.

Judgment reversed and cause remanded.